Craig B. Sanders, Esq. (284397)
csanders@sanderslawpllc.com
**SANDERS LAW, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BWP Media USA Inc. d/b/a Pacific Coast News,<br><br>Plaintiff,<br><br>vs.<br><br>Sister 2 Sister, Inc.,<br><br>Defendant. | Case No:<br><br>**COMPLAINT** |

BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant, Sister 2 Sister, Inc. ("*Defendant*") states and alleges as follows:

## **INTRODUCTION**

1.   This action seeks to recover damages sustained by the Plaintiff from the Defendant for copyright infringement.

2.   Plaintiff herein provides entertainment-related photojournalism goods and services and owns the rights to photographs featuring celebrities

1

which it licenses to online, television and print publications. Plaintiff has obtained U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

3. Defendant owns the magazine S2S, as well as the related website with the domain name s2smagazine.com (hereinafter referred to as the "*Website*").

4. Without permission or authorization from Plaintiff, Defendant actively copied, stored, modified, and/or displayed Plaintiff's photographs on the Website. Defendant engaged in this misconduct knowingly and in violation of the United States copyright laws.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

6. This Court has personal jurisdiction over Defendant because Defendant continuously and systematically conducts business in this District, through the operation of the Website and its magazine.

7. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

8. BWP is a Delaware Corporation and maintains its principal place of business in Los Angeles County, California.

9. Defendant is a Washington D.C. Corporation and on information and belief, maintains a principal place of business in Prince George's County, Maryland.

**FACTS COMMON TO ALL COUNTS**

10. Plaintiff is the legal and rightful owner of a multitude of images which it licenses to online, television and print publications.

11. Plaintiff has invested significant time and money in building its image portfolios.

12. Defendant is the owner and operator of the Website and is responsible for its content.

13. The Website is a popular and lucrative entertainment-enterprise that purposefully displays celebrity photographs, including Plaintiff's copyrighted photographs.

14. The Website is monetized in that it contains paid advertisements and promotes the sale of its magazine to the public and, on information and belief, Defendant profits from these activities.

15. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiff's copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in "Exhibit 1" which is annexed hereto and incorporated in its entirety herein, on the Website.

16. The Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on their copyrights (hereinafter collectively referred to as the "*Infringements*").

17. The copying, storing and displaying of Plaintiff's copyrighted Photographs are precisely the types of commercial uses licensed by Plaintiff to similar online, television and print publications.

18. Defendant has never obtained Plaintiff's authorization to use its copyrighted photographs, nor has Defendant compensated Plaintiff for such use.

19. As is set forth more fully in "Exhibit 1," each listed Infringement

contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

20. Each listed infringement in "Exhibit 1" is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

21. Each infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendant.

22. Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiff's Photographs.

23. Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent.

24. Specifically, the professional and celebrity nature of Plaintiff's Photographs makes them readily identifiable as copyright protected.

25. Defendant cannot claim that it was unaware of the Infringements since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

26. Defendant purposefully utilized the "draw" of Plaintiff's celebrity photographs in order to increase user traffic to the Website.

27. Thus, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

28. Further, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

4

29. On information and belief, Defendant has received a financial benefit directly attributable to Infringements. Specifically, by way of the Infringements, the Website has increased traffic to the and, in turn, realized an increase in advertising revenues and subscription sales.

30. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

31. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

32. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

33. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 32, as though set forth in full herein.

34. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

35. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

36. Without permission or authorization from Plaintiff and in willful violation of its rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

37. Defendant's reproduction of the Photographs and display of the

5

Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

38. On information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Website.

39. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
*(Vicarious Copyright Infringement)*

40. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 32, as though set forth in full herein.

41. At all material times hereto, Defendant had the right and ability to supervise and/or control the infringing activity on the Website, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

42. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, the infringing activity has continued to infringe upon Plaintiff's Photographs, which in turn generates profits for Defendant directly from the use of the Infringements.

43. On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity on its Website, from, *inter alia*, advertising revenue from the increased traffic to its Website and from increase in magazine subscriptions.

6

44. On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiff's Photographs to increase user traffic, thereby increasing advertising revenue.

45. Accordingly, Defendant is liable as vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

46. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

### THIRD COUNT
*(Injunction Pursuant to 17 U.S.C. §502)*

47. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

48. Plaintiff requests a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendant from displaying the Infringements.

### FOURTH COUNT
*(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

49. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

50. Plaintiff requests, pursuant to 17 U.S.C. §505, its attorney fees and costs for the prosecution of this action.

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 <u>et seq.</u> and award damages and monetary relief as follows:

a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant's wrongful profits in an amount to be proven at trial; and

b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

d. Plaintiff's costs; together with

e. Such other relief that the Court determines is just and proper.

DATED: September 4, 2014

**SANDERS LAW, PLLC**

By: /s/ Craig B. Sanders
Craig B. Sanders, Esq. (284397)

*Attorneys for Plaintiff*